# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

JEREMIAH JACKSON,           :

:

v.                             :       CASE NO.: 7:20-cv-117 (WLS)

:

ASHLEY TRAWICK,          :

:

      Defendant.          :

_____:

## ORDER

Before the Court is a "Recommendation" filed by United States Magistrate Judge Thomas Q. Langstaff on February 3, 2022. (Doc. 48.) Therein, Judge Langstaff recommends that the Defendant's Motion for Summary Judgment (Doc. 37) be granted. The Recommendation (Doc. 48) is in favor of granting Defendant's Motion for Summary Judgment (Doc. 37) for three reasons. First, the Defendant is immune from damages claims levied against her in her official capacity pursuant to the Eleventh Amendment. (Doc. 48 at 7.) Second, Plaintiff has alleged insufficient facts to establish that the Defendant violated Plaintiff's Eighth Amendment right against cruel and unusual punishment as the Defendant was not responsible for Plaintiff's cell assignment. (Doc. 48 at 12.) Third, the Defendant is entitled to qualified immunity. (Doc. 48 at 13.)

Judge Langstaff also recommends that the Plaintiff's Motion for a Preliminary Injunction to obtain access to the Baldwin State Prison law library (Doc. 42) be denied. The Recommendation is in favor of denying Plaintiff's Motion for a Preliminary Injunction because this Court lacks subject matter jurisdiction to issue a preliminary injunction against a non-party. (Doc. 48 at 13.) *Infant Formula Antitrust Litig., M.D.L. 878 v. Abbott Labs.*, 72 F.3d 842, 843 (11th Cir. 1995) (per curiam).

The Recommendation provided the Plaintiff with fourteen (14) days to file a written objection pursuant to 28 U.S.C. § 636(b)(1). To date, no objection has been filed. Upon full review and consideration of the record, and finding neither plain error nor manifest injustice in Judge Langstaff's Recommendation, *see United States v. Aponte*, 461 f. App'x 828, 830 n.2 (11th Cir. 2012), this Court finds that the Recommendation (Doc. 28) should be, and hereby

is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein.

## PROCEDURAL HISTORY

Plaintiff filed a Complaint concerning his incarceration at the Valdosta State Prison ("VSP") on June 18, 2020. (Doc. 1.) In this Court's initial review of the Complaint, the Court permitted Plaintiff's Eighth amendment deliberate indifference to safety claim against Defendant to proceed. (Doc. 5 at 6.) Defendant filed a Motion for Summary Judgment on June 10, 2021. (Doc. 37.) Plaintiff filed a Motion for a Preliminary Injunction to obtain access to the Baldwin State Prison law library on July 14, 2021. (Doc. 42.) Plaintiff filed his Response on August 6, 2021. (Doc. 47.) Judge Langstaff issued his Recommendation in favor of granting Defendant's Motion for Summary Judgment on February 3, 2022. (Doc. 48.)

## STATEMENT OF RELEVANT FACTS

The following facts are derived from Plaintiff's Complaint (Doc. 1); Defendant's Answer to the Complaint (Doc. 11); Defendant's Motion for Summary Judgment (Doc. 37); and Plaintiff's Response. (Doc. 47.) Where relevant, the factual summary also includes undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in a light most favorable to Plaintiff as the nonmoving party. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff alleges in his Complaint that on or about June 17,[1] Defendant, Lieutenant Ashley Trawick, placed Plaintiff in solitary confinement with another inmate. (Doc. 1 at 4.) According to Plaintiff, that other inmate did not want Plaintiff to be placed in his cell with him, until Defendant spoke to the other inmate "for about three seconds" and convinced the other inmate to allow Plaintiff into the cell. (Doc. 37-3 at 25.) While Plaintiff testified at his deposition that he did not know what the Defendant said to the other inmate (Doc. 37-3 at 22), the other inmate allegedly later informed Plaintiff that Defendant had told him to beat Plaintiff and take his food. (Doc. 1 at 4.) In the months that followed, Plaintiff alleges that the

---

[1] The Court notes for the purposes of the record that Plaintiff's Complaint does not indicate the year in which these events took place.

other inmate verbally, physically, and sexually abused the Plaintiff while threatening to kill Plaintiff if Plaintiff told anyone about what was happening. (Doc. 1 at 4.)

During the time period in which the alleged abuse occurred, Plaintiff did not disclose the abuse to anyone. (Doc. 37-3 at 38.) The reason that Plaintiff did not disclose the abuse was that he was afraid for his life. (Doc. 37-3 at 38.) The alleged abuse was only discovered on October 28, 2018 after Plaintiff soiled his mattress "just to get out of the cell." (Doc. 37-3 at 45.) At that time, Plaintiff informed the officers replacing his mattress that he "had been raped and beaten" and was subsequently escorted to medical where a rape examination was performed. (Doc. 37-3 at 45.) According to Plaintiff, the extent of Defendant's involvement in this matter was placing Plaintiff "in that cell and telling [Plaintiff's cellmate] what to do to [Plaintiff]." (Doc. 37-3 at 54.) Plaintiff does not know whether Defendant played any role in assigning Plaintiff to that particular cell. (Doc. 37-3 at 55-56.)

According to the Defendant's Declaration, Defendant does not recall assigning Plaintiff to his cell on June 17, 2018 but acknowledges that she may have done so as it was part of her routine responsibilities. (Doc. 37-4 at 3-4.) According to Defendant, Plaintiff's initial assignment to that cell would have been determined based off Plaintiff's profile on SCRIBE – the Georgia Department of Correction's electronic database for all inmates – which is utilized to determine the appropriate housing for that inmate. (Doc. 37-4 at 2.) That initial assignment is subsequently reviewed within seventy-two (72) hours by the Classification Committee – of which Defendant was not a member – which determines inmate's more permanent housing assignments. (Doc. 37-4 at 3.) Defendant denies Plaintiff's allegation that Defendant told Plaintiff's cellmate to abuse Plaintiff emotionally, physically, and sexually. Doc. 37-4 at 4.)

## STANDARD OF REVIEW

A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which an objection is made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. If no timely objection is filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting the Fourth Circuit and stating, "Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy

3

itself that there is no clear error on the face of the record in order to accept the recommendation.'"). Given that Plaintiff has not filed a timely objection, this Court will consider the Recommendation for clear error.

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Chow v. Chak Yam Chau*, 555 F. App'x 842, 846 (11th Cir. 2014) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)). "'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.'" *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (citation omitted). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant – in this case Defendant Trawick– bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet that burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24. After the movant has met their burden, the Court must then determine "whether the evidence [submitted by Plaintiff] presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (citation omitted). The nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. While a Plaintiff can use their affidavit to meet this burden, Fed. R. Civ. P. 56(c)(4), the affidavit must "designate 'specific facts showing that there is a genuine issue for trial,'" and "he may

not merely rest on his pleadings." *Graham*, 193 F.3d at, 1282. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Vicks v. Knight*, 380 F. App'x 847, 851 (11th Cir. May 26, 2010) (citation omitted). To avoid summary judgment, the non-movant must point to record evidence that would be admissible at trial. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form.").

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Matsushita*, 475 U.S. at 587-88; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## DISCUSSION

The Recommendation (Doc. 48) is in favor of granting Defendant's Motion for Summary Judgment (Doc. 37) for three reasons. First, the Defendant is immune from damages claims levied against her in her official capacity pursuant to the Eleventh Amendment. (Doc. 48 at 7.) Second, Plaintiff has alleged insufficient facts to establish that the Defendant violated Plaintiff's Eighth Amendment right against cruel and unusual punishment as the Defendant was not responsible for Plaintiff's cell assignment. (Doc. 48 at 12.) Third, the Defendant is entitled to qualified immunity. (Doc. 48 at 13.)

Judge Langstaff also recommends that the Plaintiff's Motion for a Preliminary Injunction to obtain access to the Baldwin State Prison law library (Doc. 42) be denied. The Recommendation is in favor of denying Plaintiff's Motion for a Preliminary Injunction because this Court lacks subject matter jurisdiction to issue a preliminary injunction against a non-party. (Doc. 48 at 13.) *Infant Formula Antitrust Litig., M.D.L. 878 v. Abbott Labs.*, 72 F.3d 842, 843 (11th Cir. 1995) (per curiam).

As Plaintiff has not filed an objection to the Recommendation (Doc. 48) to date, this Court shall review the Recommendation's findings for clear error.

5

I.      **Eleventh Amendment Immunity**

Judge Langstaff first recommends that this Court grant Defendant's Motion for Summary Judgment (Doc. 37) as Defendant is immune in her official capacity from any damages claims against her. (Doc. 48 at 7.) According to the Supreme Court of the United States, "[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it, … a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (citing *Alabama v. Pugh¸* 438 U.S. 781 (1978) (per curiam)). The Supreme Court of the United States has repeatedly found that this immunity extends to State Officers acting in their official capacity as a "judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents[.]" *Id.*, at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). The Supreme Court of the United States has also stated that "§ 1983 does not override a State's Eleventh Amendment immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989.)

In the present case, Defendant was acting in her official capacity when Defendant placed Plaintiff in the cell in which he would later be abused as the placement of inmates was part of Defendant's routine responsibilities. (Doc. 37-4 at 3-4.) Accordingly, this Court finds that the Recommendation (Doc. 48) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein as to the issue of whether the Defendant is immune from monetary damages pursuant to the Eleventh Amendment.

II.     **Deliberate Indifference**

The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment. "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if [she] is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016). In order for a prisoner plaintiff to establish a violation of his Eighth Amendment rights the plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." *Id.* (citation omitted.)

The Recommendation (Doc. 48) favors granting Defendant's Motion for Summary Judgment (Doc. 37) on Plaintiff's deliberate indifference claim for four reasons. First Plaintiff did not allege facts establishing that Defendant was aware of a substantial risk of serious harm. (Doc. 48 at 10.) Second, Plaintiff has provided no evidence that Defendant was subjectively aware that placing Plaintiff in that cell could place Plaintiff at substantial risk of serious harm, which would establish the deliberate indifference element. Third, Plaintiff failed to show the "'necessary causal link' between the [Defendant's] failure to act reasonably and the plaintiff's injury. *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (per curiam). Finally, Plaintiff failed to allege evidence showing that Defendant was responsible for Plaintiff's housing assignment.

In making these findings, Judge Langstaff relied upon the fact that Plaintiff did not testify that prison officials were aware of any violent tendencies of Plaintiff's cellmate, that Plaintiff did not allege facts sufficient to show that Defendant was subjectively aware of the risk that she had placed Plaintiff in by placing him with his cellmate and that the only role Defendant played in this action was "putting [Plaintiff] in that cell[.]" (Docs. 37-3 at 54; 48 at 8-12.) Judge Langstaff also relied upon the fact that Defendant was not responsible for Plaintiff's continued assignment to that cell.

Upon full review and consideration of the record, this Court finds neither plain error nor manifest injustice with respect to Judge Langstaff's Recommendation (Doc. 48) as to this issue. Based on the evidence currently in the record, there is no genuine dispute of material fact as to whether Defendant was subjectively aware of the risk Plaintiff was put in by placing him with his cellmate and therefore Plaintiff has not presented sufficient evidence to establish an essential element of the case with respect to which the Plaintiff bears the burden of proof. In addition, Defendant cannot be held vicariously liable for the Classification Committee's decision to leave Plaintiff in the cell which Defendant initially assigned him to based upon the SCRIBE database. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") Accordingly, this Court finds that the Recommendation (Doc. 48) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings

made and reasons stated therein as to the issue of whether the Defendant displayed deliberate indifference to Plaintiff's serious medical need.

### III.   Qualified Immunity

The Recommendation also favors finding that the Defendant was entitled to qualified immunity (Doc. 48 at 12-13.) "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The Recommendation favors finding that the Defendant was entitled to qualified immunity because there was no constitutional or statutory violation in the present case. *Baltimore v. City of Albany, Ga.*, 183 F. App'x 891, 896 (11th Cir. 2006) (per curiam).

Upon full review and consideration of the record, this Court finds neither plain error nor manifest injustice with respect to Judge Langstaff's Recommendation (Doc. 48) as to this issue. Based on the evidence currently in the record, there was no constitutional violation and therefore Defendant is entitled to qualified immunity. Accordingly, this Court finds that the Recommendation (Doc. 48) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein as to the issue of whether the Defendant is entitled to the defense of qualified immunity.

### IV.   Preliminary Injunction

Judge Langstaff also recommends that this Court deny Plaintiff's Motion for a Preliminary Injunction (Doc. 42) compelling the Baldwin State Prison to immediately reopen its law library. (Doc. 48 at 13.) The Recommendation is in favor of denying Plaintiff's Motion because Baldwin State Prison is not a party to this action and therefore this Court lacks jurisdiction to issue a preliminary injunction. *See Infant*, 72 F.3d at 843.

Upon full review and consideration of the record, this Court finds neither plain error nor manifest injustice with respect to Judge Langstaff's Recommendation (Doc. 48) as to this issue. As Baldwin State Prison is not a party to this action, this Court lacks subject matter jurisdiction to grant injunctive relief. Accordingly, this Court finds that the Recommendation (Doc. 48) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein.

## **CONCLUSION**

In conclusion, this Court concurs with the findings made in the Recommendation that the Defendant is entitled to summary judgment and this Court lacks jurisdiction to issue a preliminary injunction against Baldwin State Prison. Accordingly, upon full review and consideration of the record, the Court finds that the Recommendation (Doc. 48) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and the conclusions reached herein. Accordingly, Defendant's Motion for Summary Judgment (Doc. 37) is **GRANTED**. Furthermore, Plaintiff's Motion for a Preliminary Injunction (Doc. 42) is **DENIED**.

**SO ORDERED**, this 22nd day of February 2022.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**